UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22195-BLOOM/Louis

PALMETTO 241 LLC, et al.,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion in Limine, ECF No. [26] ("Plaintiffs' Motion"), and Defendant's Motion in Limine, ECF No. [29] ("Defendant's Motion") (collectively, "Motions"). The Court has considered the Motions, all supporting and opposing submissions (ECF Nos. [34], [42], and [45]), the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part, and Defendant's Motion is granted in part and denied in part.

### I.    BACKGROUND[1]

Plaintiffs' Motion seeks to preclude Defendant from presenting arguments and evidence regarding the following at the upcoming trial:

1. Motion in Limine Issue #1: Prevent Defendant from testifying about what is and what is not covered under the insurance policy;

2. Motion in Limine Issue #2: Prevent Defendant from using its witnesses to testify as to the opinions and conclusions of other witnesses, including expert witnesses;

---

[1] The Court assumes that the parties are familiar with the facts of this case. *See* ECF No. [49].

3. Motion in Limine Issue #3: Prevent statements about the number or percentage of other hurricane damage claims allegedly paid, or number of hurricane damage cases confirmed;

4. Motion in Limine Issue #4: Prevent "hired gun" arguments or otherwise disparaging expert witnesses.

Similarly, Defendant's Motion seeks to preclude Plaintiffs from introducing the following at the upcoming trial:

1. Motion in Limine Issue #1: Testimony and evidence regarding Defendant's claims handling practices and procedures on this claim and other claims;

2. Motion in Limine Issue #2: Testimony and evidence regarding conditions of properties other than the subject property.

The Court will address each Motion individually below.

## II.   LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder*

*v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III.     DISCUSSION

#### A.     **Plaintiffs' Motion**

##### i.     *Evidence regarding what is and is not covered under the policy*

Plaintiffs request the Court "enter an Order prohibiting Defendant from eliciting any testimony from its agents, employees, representatives, adjusters, and witnesses regarding coverage and/or exclusions in the insurance policy, including that certain losses or damage are excepted, excluded, and are (or are not) covered under the insurance policy." ECF No. [26] at 2. According to Plaintiffs, an "insurer's witness may not tell the jury what is and is not covered under the Policy." *Id.* at 3.

Plaintiffs argue that "[c]ontract interpretation, including coverage under an insurance policy, is an issue of law for the judge to decide, not an issue of opinion for an insurance adjuster, or even an issue of fact for the jurors to decide." *Id.* Plaintiffs add that testimony "about the contents and coverage of the applicable insurance policy would merely be cumulative to the policy itself, which is best evidence of its contents" and that "[t]o the extent Scottsdale would argue that certain exclusions require explanation or interpretation, Scottsdale would really be arguing the exclusion is ambiguous," in which case the Court "would be required to interpret the exclusion against Scottsdale and in favor of coverage." *Id.* at 3-4. Finally, Plaintiffs maintain that even if Defendant could offer testimony about the terms and exclusions of the policy, "such testimony would be expert witness testimony" and Defendant has not identified any expert in policy construction, coverage, or exclusions. *Id.* at 4.

Defendant responds that Plaintiffs do not cite to any specific evidence they seek to preclude but rather "broadly seek to preclude [Defendant] from offering testimony regarding the existence of policy provisions in the contract between the parties, the basis for [Defendant's] coverage

position in this matter, and [Defendant's] claims investigations." ECF No. [34] at 2. Defendant notes that Plaintiff does not cite any specific policy provision at issue. *Id.* at 3-4. According to Defendant, because Plaintiffs have brought a breach of contract claim, the terms of the contract, Defendant's claims determinations and its claims investigation "are all essential facts in this matter." *Id.* at 3. Similarly, Defendant agrees with Plaintiff that "it is for the jury to determine whether the facts of the case fall within the scope of coverage as defined by the court." *Id.* (citation omitted). Thus, Defendant posits that it is "necessary" for it to put on testimony regarding the policy's applicable coverages, exclusions, and conditions, as well as how Defendant applied the provisions to the facts at hand to reach its coverage determination. *Id.*

Upon review and consideration, Plaintiffs' Motion as to issue #1 is denied. "Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020) (citation omitted). Further, a district court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *Id.* (citation omitted). Here, Plaintiffs' Motion does not cite to any specific policy provision nor to any specific testimony from a specifically-identified witness. Instead, Plaintiffs seeks an across-the-board prohibition against Defendant from "eliciting any testimony" regarding coverage and/or exclusions under the policy. This "lacks the necessary specificity with respect to the evidence to be excluded." *Id.* Further, Plaintiffs' request fails to accord with the underlying nature of this suit. Plaintiffs seek to hold Defendant liable for breach of contract, and as they concede, Defendant "provided coverage to a portion of the Plaintiffs' claim through the ensuing loss provision of the Policy," and an issue in the case is "whether certain damage was excluded

from coverage under the Policy; and if not, the amount of money required to remediate and repair Plaintiffs' home." ECF No. [26] at 2. Thus, a categorical bar on Defendant presenting evidence regarding coverage and/or exclusions under the policy is unjustified. The Court will address any objections to such evidence or testimony at trial, as appropriate.

### ii.  *Evidence regarding opinions and conclusions of witnesses*

Plaintiffs request the Court "enter an Order prohibiting Defendant from using any of its witnesses (including its corporate representative and its expert witnesses) to testify as to the opinions and conclusions of other witnesses, including expert witnesses." ECF No. [26] at 5. According to Plaintiffs, Florida law "prohibits a witness from testifying as to the opinions and conclusions of another witness, as such testimony is improper bolstering and hearsay for which no exceptions lie," and an "expert witness may not bolster his/her opinion [by] referencing the opinions of other experts." *Id.* (citation omitted). Likewise, Plaintiffs state that an expert witness in one field is not permitted to testify as to an expert opinion given to him by another expert. *Id.* at 6.

Defendant counters that Plaintiffs provide no specific information concerning which witnesses Plaintiffs anticipate providing the allegedly impermissible testimony, nor how any of the situations reflected in Plaintiffs' Motion apply to this case. ECF No. [34] at 4. Additionally, Defendant states that "[w]hile Florida law prohibits witnesses from commenting on the opposing party's witnesses themselves, Florida law permits an expert witness to critique another expert witness's methodology." *Id.* at 5 (citing *Nowitzke v. State*, 572 So. 2d 1346, 1352 (Fla. 1990)). Similarly, "questions couched to cause one expert to delineate the facts, factors, formulae and rationale used in the analysis leading to the opposing expert's opinion, and to do the same as to his own opinion, and then to compare the predicates upon which the two opinions were based, are

Case 1:19-cv-22195-BB   Document 50   Entered on FLSD Docket 05/26/2020   Page 7 of 14

Case No. 19-cv-22195-BLOOM/Louis

proper." *Id.* (citation omitted). Moreover, Defendant maintains that "[t]he result of such a comparison may show that a party's witness failed to consider all proper factors, or considered improper factors, or erred in the weight or effect attributed to certain factors," and such questions give "the jury better insight into the bases supporting differing opinions so that the jury may better evaluate and weigh the witnesses' testimony by understanding and comparing how the expert witnesses reach different conclusions." *Id.* (citations omitted).

Upon review, the Court concludes that Plaintiffs' Motion as to issue #2, which seeks a ban on using a witness to "testify as to the opinions and conclusions of other witnesses," is patently overbroad, and it inappropriately inhibits the jury's ability to evaluate expert testimony. "Review of [the] case law reveals that an expert may properly explain his or her opinion on an issue in controversy by outlining the claimed deficiencies in the opposing expert's methodology so long as the expert does not attack the opposing expert's ability, credibility, reputation, or competence. This rule recognizes that a trial should not be reduced to a debate regarding the ability, credibility, or reputation of an expert based on the perception of another expert." *Network Publications, Inc. v. Bjorkman*, 756 So. 2d 1028, 1031 (Fla. 5th DCA 2000). To the extent Plaintiffs believe Defendant's witnesses provide improper testimony, the Court will address any objections to such evidence or testimony at trial.

### iii. *Number or percentage of hurricane damage claims allegedly paid or cases confirmed*

Plaintiffs request the Court "enter an Order prohibiting Defendant from introducing certain evidence, argument, testimony, or inferences at trial related to the number or percentage of other hurricane damage claims allegedly paid, or the number of hurricane damage cases confirmed." ECF No. [26] at 7. According to Plaintiffs, they expect Defendant will argue and present evidence regarding the number or allegedly high percentage of homeowners' insurance claims or hurricane

damage claims it pays, but "[w]hether or not Scottsdale has paid other claims—or even whether it has paid *every single* other claim—has no bearing [on] whether Scottsdale breached the Policy in *this* case." ECF No. [26] at 7 (emphasis in original). In Plaintiffs' view, Defendant's payment of other claims or determination of hurricane damage at other homes is not relevant to the issues in dispute, and evidence directed at bad faith or claims handling are not at issue in this case. *Id.* at 8-9. Further, Plaintiffs state that evidence of claims settlement is inadmissible, and that because "effects of a hurricane on a property vary from home to home," an "apples and oranges" comparison between two different homes with different hurricane damage is improper and can be prejudicial. *Id.* at 9.

In response, Defendant asserts that there is no evidence it intends to offer any testimony at trial regarding the percentage or number of claims it has paid in other matter, and that it, in fact, moves in limine to preclude testimony and evidence regarding its claims handling practices and procedures of this and any other claim, and testimony or evidence as to other properties. ECF No. [34] at 6-7.

Upon review, the Court agrees that evidence of the number or percentage of hurricane damage claims allegedly paid, or the number of hurricane damage cases confirmed, is irrelevant to the ultimate issues in dispute. Whether Defendant ordinarily pays or has paid similar claims in other cases does not make it more or less likely that a breach of the policy occurred under the facts at hand. Accordingly, Plaintiffs' Motion as to issue #3 is granted.

### iv. *"Hired gun" arguments or disparaging expert witnesses*

Plaintiffs request the Court "enter an Order prohibiting Defendant from making 'hired gun' type arguments or otherwise disparaging remarks about Plaintiffs' expert witnesses in this case." ECF No. [26] at 10. According to Plaintiffs, they expect Defendant will "try to argue to the jury

8

that Plaintiffs' expert witnesses are 'hired guns' against the insurance industry or make other disparaging and derogatory comments about Plaintiffs' experts." ECF No. [26] at 10. They assert that Defendant may not "elicit or introduce any testimony that criticizes the ability, reputation, or competence of Plaintiffs' experts," and that while an expert's methodology can be critiqued, "Florida law prohibits witnesses from commenting on the opposing party's witnesses themselves." *Id.* at 11. "One impeaches an expert's opinion by the introduction of a contrary opinion based on the same facts. It is improper to impeach an expert witness by eliciting from another witness what he thinks of that expert." *Id.* at 11-12 (quoting *Nowitzke*, 572 So. 2d at 1352).

In response, Defendant maintains that it does not intend to refer to Plaintiffs' experts as "hired guns" nor intends to make any inappropriate or disparaging comments about Plaintiffs' experts at trial. ECF No. [34] at 7. However, Defendant states that it reserves the right to explain and question Plaintiffs' experts' inconsistent statements and to impeach witnesses. *Id.* at 7-8. Further, Defendant agrees that attacking an expert's ability, credibility, or competence can be improper, but the Plaintiffs' Motion on this point is "overly broad," potentially limits Defendant's "ability to properly and appropriately impeach Plaintiffs' witnesses at trial," and seeks to "broadly exclude factual information that directly relates to the disputed issues in the instant action." *Id.* at 8.

Upon review, the Court grants in part and denies in part Plaintiffs' Motion as to issue #4. Neither party may refer to the opposing party's experts as "hired guns" or use similar denigrating language. However, the methodology, conclusions, and reasoning of the expert witnesses are not beyond examination, and where appropriate, can be used for impeachment purposes. Therefore, the Court will address any objections to the experts' testimony at trial.

**B.      Defendant's Motion**

> ***i.        Defendant's claims handling practices and procedures***

Defendant requests the Court preclude Plaintiffs from introducing testimony and evidence regarding Defendant's claims handling practices and procedures on this claim and other claims. ECF No. [29] at 1. According to Defendant, this action "does not concern claims of bad faith handling or any other claims handling practices," and "any mention" of Defendant's "claims handling practices and procedures of this claim and other claims would be outside the scope of a contract reformation or breach of contract action" and would be "unduly prejudicial" "as references to claims handling involves allegations of bad faith." *Id.* at 2. Further, in Defendant's view, such evidence would create jury confusion as it could lead to the incorrect belief that this case involves bad faith allegations. *Id.* at 2-3. Likewise, Defendant asserts that bad faith issues are premature until the coverage action is resolved. *Id.* at 3-5. Thus, "any attempt to introduce evidence that carries overtones, undertones, or inferences of claims handling practices and procedures (including references to good faith or bad faith) should be precluded, and such evidence deemed inadmissible[.]" *Id.* at 3; *see also id.* at 5.

In response, Plaintiffs argue that Defendant's Motion as to issue #1 should be denied because the motion was untimely filed, and the requested items in limine are "overbroad and will operate to limit evidence and testimony that is directly relevant to this matter." ECF No. [42] at 1. The arguments regarding untimeliness are meritless.[2] Regarding the latter, Plaintiffs assert that Defendant did not define "claims handling practices and procedures," did not provide "specific

---

[2] Plaintiffs state that April 15, 2020 was the deadline for the parties to file all motions in limine. ECF No. [42] at 3 (citing ECF No. [9] at 2). Because Defendant's Motion was filed on April 24, 2020, they assert that the motion is untimely. Plaintiffs are mistaken. On March 16, 2020, the Court amended the Scheduling Order and set April 24, 2020 as the deadline for the parties to file motions in limine. *See* ECF No. [21]. Thus, Defendant's Motion is timely.

10

examples of the type of evidence or testimony that falls" within the category, and Defendant "seeks to exclude evidence of the parties' post-loss actions which are directly relevant to establish the breach of contract action in this matter." *Id.* at 2. Further, Plaintiffs note that this Court previously determined that parties' actions following a loss are directly relevant to establishing a breach of contract claim in a first-party context. *See id.* (citing *Ctr. Hill Courts Condo. Ass'n, Inc.*, 2020 WL 496065, at *2 (denying motion in limine to exclude evidence that insurer acted in good faith or bad faith until the coverage action is resolved)). In Plaintiffs' view, the phrase "claims handling practice and procedures" is "so overbroad and vague that nearly every action taken by the Defendant in connection with this claim can fall within the definition of that phrase." *Id.* Thus, Plaintiffs suggest that "any limitation of evidence and testimony regarding aspects of the investigation of this specific claim need to be made on a case-by-case basis." *Id.* at 5.

In reply, Defendant asserts that it is "clearly not seeking to preclude testimony and evidence regarding the specific actions taken by [it] in its investigation of this claim" but rather seeks to preclude "evidence of [its] general claim practices and bad faith." ECF No. [45] at 2-3. Defendant adds that "any mention" of its claims handling practices and procedures of this claim and investigation of other claims is outside the scope of this lawsuit, and that Plaintiffs have not presented "any reason why it would be necessary or appropriate to introduce testimony or evidence regarding bad faith or [Defendant's] claims handling practices and procedures." *Id.* at 3.

Upon review, the Court grants in part and denies in part Defendant's Motion as to issue #1. Defendant correctly notes that this is a breach of contract action, not a bad faith lawsuit. It also rightly notes that bad faith actions are not ripe until the coverage dispute is resolved. However, Defendant fails to show why potential evidence of its claims handling practices and procedures used on this claim is "unduly prejudicial" or so confusing that it should be excluded under Rule

403, Fed. R. Evid. Likewise, the Court cannot categorically exclude evidence at this point, without presentation of specific evidence before it, where there are "overtones, undertones, or inferences of claims handling practices and procedures." ECF No. [29] at 3. As Plaintiffs point out, a blanket bar of evidence regarding claims handling "will result in excluding information that is directly relevant to establishing their cause of action," and it is necessary for them to "put forth evidence and testimony regarding specific actions taken by Defendant in investigating the claim that is the basis for this lawsuit." ECF No. [42] at 4. Moreover, Defendant fails to address *Ctr. Hill Courts Condo. Ass'n, Inc.*, 2020 WL 496065, at *2, which recently denied a similar motion in limine.

Evidence of Defendant's claims handling practices and procedures in other claims, however, is not relevant to this matter. Therefore, to the extent evidence or testimony regarding specific aspects of Defendant's claims handling practices and procedures are objectionable, they can be addressed at trial.

## ii. *Conditions of properties other than the subject property*

Defendant requests the Court preclude Plaintiffs from introducing testimony and evidence regarding conditions of properties other than the subject property. ECF No. [29] at 1. According to Defendant, this lawsuit "does not concern whether [h]urricane damage, water damage, wind damage, and/or mold damage occurred with respect to other properties located near the subject property." *Id.* at 5. Defendant states that it "evaluated the damage that [Plaintiffs] reported at the subject property, and [Defendant's] coverage decision was based upon the conditions observed at the subject property, not other properties to which [Defendant's] consultants had no access." *Id.* It posits that the "conditions of other properties, or how other properties in the area were affected by Hurricane Irma, has no bearing on the conditions of the subject property and would not be relevant to the question of [] the scope of any covered loss at the subject property." *Id.* at 5-6. Similarly,

12

Defendant argues that "investigations, adjustments, monetary settlements, and/or conclusions of investigations concerning neighboring properties are of no consequence" to Plaintiffs' claims "for damage at its property based on conditions unique to the subject property." *Id.* at 6.

Plaintiffs did not respond to Defendant's Motion on this issue, but rather addressed Defendant's Motion as to issue #1 only. Upon review, the Court agrees that evidence of conditions of other properties is not relevant in this action. The conditions of other properties would not make it more or less likely that Defendant breached its contract based upon the facts and conditions unique to Plaintiffs' property and the terms of the policy. Indeed, the salient issues in dispute are whether the alleged damage to the subject property is covered, and if so, to what extent. Therefore, Defendant's Motion as to issue #2 is granted.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion, **ECF No. [26]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

2. Defendant's Motion, **ECF No. [29]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 26, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-22195-BLOOM/Louis

Copies to:

Counsel of Record