UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22195-BLOOM/Louis

PALMETTO 241 LLC, et al.,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Relief from Scheduling Order to Supplement Expert Disclosure, ECF No. [56] ("Motion"). Defendant filed a response in opposition, ECF No. [65] ("Response"), to which Plaintiffs filed a reply, ECF No. [66] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On June 20, 2019, the Court entered an Order setting February 25, 2020 as the deadline to disclose experts and exchange expert witness summaries or reports, ECF No. [9] ("Scheduling Order"). The Court later amended the Scheduling Order and set April 17, 2020 as the deadline to complete all discovery, including expert discovery. ECF No. [21]. On May 27, 2020, Plaintiffs served their "Supplemental Disclosure and Report of David Delvecchio," ECF No. [56-1] ("Supplemental Disclosure"). Trial is set for the Court's two-week trial calendar beginning on October 13, 2020. ECF No. [62].

With these deadlines in square view, Plaintiffs request the Court grant them relief from the Scheduling Order and accept the Supplemental Disclosure as timely. According to Plaintiffs, (i) the Supplemental Disclosure is timely under Rule 26, Fed. R. Civ. P; (ii) the supplement includes two estimates, neither of which is a new opinion or "include[s] reference to any new damage, nor are these estimates based on a new inspection of the property" but rather are merely "different variations of the calculation of the same damages" and are "wholly consistent with" Mr. Del Vecchio's opinions in the Plaintiffs' Initial Disclosure; (iii) even if the Supplemental Disclosure is untimely, the late disclosure is harmless; (iv) Plaintiffs are willing for Defendant to re-depose Mr. Del Vecchio at Plaintiffs' expense; and (v) excluding or striking the Supplemental Disclosure "is an extreme sanction that is not warranted in this case." *See generally* ECF No. [56].

Defendant responds that the Motion was improper because Plaintiffs did not first seek leave of Court to file the Supplemental Disclosure, and the "late disclosure" is not harmless because "additional discovery will result in the accrual of additional fees for [Defendant]" even though Plaintiffs have offered to produce Mr. Del Vecchio at their expense. ECF No. [65]. In the Reply, Plaintiffs maintain that the Supplemental Disclosure is timely and even if not, late disclosure is harmless to Defendant. ECF No. [66].

Upon review, the Court agrees with Plaintiffs that the Supplemental Disclosure is timely. Rule 26(a)(2)(E), Fed. R. Civ. P., directs that "parties must supplement" expert disclosures "when required under Rule 26(e)." That Rule, in turn, provides that information "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due," which is at least 30 days before trial. *Id.* at Rule 26(e)(2) and Rule 26(a)(3). Here, trial is not scheduled until October 13, 2020. Because the Supplemental Disclosure was provided to Defendant on May 27, 2020, it is clearly timely. But even if it had been untimely, the Court agrees with Plaintiffs that the relief they

Case No. 19-cv-22195-BLOOM/Louis

request is reasonable and any untimeliness is harmless. First, the Supplemental Disclosure does not add any new opinions, it is not based on a new inspection, and it does not reference new damages. Rather, it contains "variations of calculations to repair the same damages based on the same initial inspection of the property." ECF No. [56] at 4. Second, Plaintiffs are willing to pay for Mr. Del Vecchio's re-deposition at their expense should Defendant find it necessary. Third, based on the circumstances, striking the Supplemental Disclosures is unwarranted.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [56]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record